IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| DEBRA D. PRENOSIL, | ) | |
| Plaintiff, | ) | No. 10cv94 EJM |
| vs. | ) | ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability and supplemental security income benefits. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of June 20, 2006, plaintiff alleges disability due to multiple impairments. She asserts the Administrative Law Judge (ALJ) failed to give good reasons for discounting consulting examiner Dr. Paul's opinion as to limitations on handling and gripping, and failed to fully and fairly develop the record by (1) failing to obtain an opinion as to work-related mental limitations from a treating or examining mental health professional, and (2) regarding the psychological consultant's opinions. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe combination of impairments include right shoulder impairment, asthma, obesity, mild carpal tunnel, endometrial carcinoma in remission, depression, and anxiety and borderline personality disorder, but found plaintiff able to engage in substantial gainful activity.

Upon review of the record as a whole, it is the court's view that the ALJ erred in discounting consulting examiner Dr. Paul's views that plaintiff can only occasionally grip and grasp. The fact of a hand-held shower in her home, working on a keyboard for 30 minutes, doing crafts, and the absence of splints, is not inconsistent with Dr. Paul's findings. T. 15-16, 340. Similarly, plaintiff's minimal daily activities are not inconsistent with her claimed physical and mental limitations. Additionally, on this record it is the court's view that the ALJ should have sought an opinion from a treating or examining physician as to plaintiff's mental impairments. Nevland v. Apfel, 204 F3d 853, 858 (8th Cir. 2000). Accordingly, the court finds the Commissioner's decision is not supported by substantial evidence on the record as a whole.

2

This matter shall be reversed and remanded for further proceedings in accordance herewith.

It is therefore

ORDERED

Reversed and remanded for further proceedings in accordance herewith.

June 23, 2011.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT